UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | :  14 Cr. 179 (LAP) |
| DAVID J. WRIGHT, | : |
| Defendant. | : |

------------------------------------------------------------x

# THE GOVERNMENT'S SENTENCING MEMORANDUM

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America

Daniel C. Richenthal
Assistant United States Attorney
- Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA              :

       -v.-                           :      14 Cr. 179 (LAP)

DAVID J. WRIGHT,                      :

                   Defendant.         :

------------------------------------------------------------x
```

## THE GOVERNMENT'S SENTENCING MEMORANDUM

Sentencing in this matter is scheduled for Monday, January 5, 2015, at 3:00 p.m. The Government respectfully submits this memorandum in connection with that sentencing and in response to the defendant's sentencing submission filed on December 23, 2014 ("Def. Mem.").

## PRELIMINARY STATEMENT

Over several years, the defendant sold more than 2,500 prescription pills, including some of the most addictive and dangerous ones available. He has a United States Sentencing Guidelines ("Guidelines") range of 37 to 46 months' imprisonment, as set forth in the United States Probation Office's ("Probation Office") Presentence Investigation Report ("PSR"), in which the Probation Office recommends a sentence of 46 months.[1]

After consideration of all of the facts and circumstances of this case, although the Government does not oppose a sentence below the applicable Guidelines range, the Government believes that a sentence that includes a meaningful period of imprisonment is warranted in order to serve the purposes of sentencing, including protection of the public, promotion of respect for the law, and deterrence.

---

[1] The Probation Office used the November 1, 2013 Guidelines Manual, which resulted in a range of 46-57 months. The November 1, 2014 Guidelines Manual, which now applies, results in a range of 37-46 months. (PSR ¶¶ 6(i), 111.)

## BACKGROUND

**A.     The Defendant's Offense**

Between at least approximately late 2009 and at least winter 2014, the defendant sold thousands of prescription pills, including oxycodone, amphetamine, and carisoprodol, to a certain individual (the "CW").  (PSR ¶¶ 21-32, 37.)  The defendant knew that the CW was a drug dealer, and understood that the pills he provided to the CW were going to be re-sold.  (Def. Mem. 10-11; *see also* Complaint, Exhibit ("Ex.") A, ¶ 13 (CW to defendant: There is no longer a "market" for certain pills offered by the CW, going by the code "Sonia.". . . . "Is that OK?" Defendant to CW in response:  . . . "I'll hold it, and I can even deal with her for a little while.").)

**B.     The Defendant's Post-Arrest Violations**

The defendant was arrested in early October 2013.  (PSR ¶ 32.)  He continued to fill prescriptions for the pills he had been selling.  (PSR ¶ 7.)  He also was arrested for driving under the influence.  (PSR ¶¶ 7, 51-52.)  After this arrest, the defendant was ordered not to consume alcohol.  (PSR ¶ 8.)  He nevertheless continued to drink, and was later cited for public drunkenness, during which he was belligerent and uncooperative.  (PSR ¶¶ 53, 77.)  The defendant had previously agreed to enter substance abuse treatment, but failed to do so until after this second violation of the conditions of his pretrial release.  (PSR ¶ 10; Def. Mem. 14.)

**DISCUSSION**

A.      **A Sentence of Meaningful Imprisonment Is Appropriate**

In his submission, the defendant asks the Court to impose a non-custodial sentence, a sentence that would be more than three years below the bottom of the applicable Guidelines range and the recommendation of the Probation Office.  The defendant makes this request principally in light his personal history, struggles, and meaningful (albeit belated) efforts to move past those struggles.  It is proper that the Court consider these factors, as the Government has.  But they do not warrant the extraordinary sentence the defendant seeks.  Rather, the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence that includes a meaningful term of imprisonment.

*First*, the nature and seriousness of the offense warrants such a sentence.  *See* 18 U.S.C. §§ 3553(a)(1), (2)(A).  As the Court is aware, our country faces a large—and growing—prescription drug abuse crisis.  Approximately 15,000 people die every year of overdoses involving prescription painkillers, such as oxycodone.  In 2010, 1 in 20 people (age 12 or older) reported using prescription painkillers for nonmedical reasons within the past year.  (Centers for Disease Control and Prevention ("CDC"), *Policy Impact: Prescription Painkiller Overdoses*, *at* http://www.cdc.gov/homeandrecreationalsafety/rxbrief/; *see also, e.g.*, ABC News, *Drug Deaths Exceed Traffic Deaths* ("In 2008, prescription painkillers like oxycodone and hydrocodone, the main ingredients in Oxycontin and Vicodin, landed 305,885 Americans in emergency rooms—more than double the 144,644 visits in 2004, according to a 2010 study by Samhsa [a part of the U.S. Department of Health and Human Services] and the CDC.") (September 20, 2011), *at* http://abcnews.go.com/Health/Drugs/drug-deaths-exceed-traffic-deaths/story?id=14554903.)  Indeed, nearly 60 percent of all drug overdose deaths involved pharmaceutical drugs, with opioid analgesics, such as oxycodone, involved in about 3 of every 4 such deaths.  (CDC, *Opioids Drive*

3

*Continued Increase in Drug Overdose Deaths*, at

http://www.cdc.gov/media/releases/2013/p0220_drug_overdose_deaths.html.)  Amphetamine abuse is also increasing.  (*See, e.g.*, The New York Times, *Drowned in a Stream of Prescriptions* (Feb. 2, 2013), *available at* http://www.nytimes.com/2013/02/03/us/concerns-about-adhd-practices-and-amphetamine-addiction.html?pagewanted=all.)

The defendant contributed to this public health crisis, selling strong painkillers and more than one-thousand amphetamine tablets, among other prescription pills.  (PSR ¶¶ 21-32, 37.)  Importantly, the defendant did not do so on a small scale, for a brief period, or with hesitation.  On the contrary, he eagerly and knowledgeably sold thousands of prescription pills, over multiple years, to someone who he knew was re-selling them.  (*Id.*; *see also* Complaint, Ex. A.)

*Second*, the history and characteristics of the defendant and the need for the sentence imposed to protect the public from further crimes warrant imprisonment.  *See* 18 U.S.C. §§ 3553(a)(1), (2)(C).  The defendant engaged in repeated, serious criminal conduct notwithstanding that it is apparent that he could have secured lawful employment, and had the financial and other support of his family.  (PSR ¶¶ 87-92; Def. Mem. 10.)  In short, the defendant did not sell pills because he needed to do so to support his basic needs.  He sold pills to make extra money.  That was a choice.  It demands meaningful punishment.

*Third*, the circumstances of the offense and the need for the sentence imposed to promote respect for the law warrant imprisonment.  *See* 18 U.S.C. §§ 3553(a)(1), (2)(A).  This is so given the timeframe and manner in which the defendant committed his offense (PSR ¶¶ 21-32, 37), that his offense involved selling pills to an individual who he knew was re-selling them (Complaint, Ex. A), and that he engaged in this offense notwithstanding his medical training (PSR ¶¶ 85-86),

4

and notwithstanding his own substance abuse (PSR ¶¶ 77-79). The defendant knew the nature and danger of the pills he sold—and he sold them anyway, over and again.

*Finally*, the need for the sentence imposed to provide for deterrence weighs in favor of a sentence with a substantial term of imprisonment. *See* 18 U.S.C. § 3553(a)(2)(B). As discussed above, our country faces a large and growing prescription drug abuse crisis. The sentence imposed should help deter others from making the same choices as the defendant.

## CONCLUSION

For the reasons set forth above, although not opposing a sentence below the applicable Guidelines range, the Government respectfully submits that a sentence that includes a substantial period of incarceration would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: New York, New York
       January 1, 2015

Respectfully submitted,

PREET BHARARA
United States Attorney

By:   s/ Daniel C. Richenthal
      Daniel C. Richenthal
      Assistant United States Attorney
      (212) 637-2109